**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Michael Magnuson and Constance Magnuson, Linda Mack, Adrianne Shaw, Mike Flanigan, Janean Monroe, Michael Fredrick, John Rich, Byron Smith, Kristine Breuker, Thomas James, Paul Fazio, Pamela Fazio, Mike Freed and Jane Freed,<br><br>                Plaintiffs,<br><br>   v.<br><br>Window Rock Residential Recovery Fund, L.P., Window Rock Capital Partner GP, LLC, Window Rock Manager, LLC, Patrick Cardon, Cordell Rogers, Integrity Bank & Trust, Integrity Wealth Management, and Eric Davis,<br><br>                Defendants. | Case No. 22-cv-1010<br><br>Judge Manish S. Shah<br><br>Magistrate Heather K. McShain |

**WINDOW ROCK RESIDENTIAL RECOVERY FUND, L.P., WINDOW ROCK CAPITAL PARTNER, GP, LLC, WINDOW ROCK MANAGER, LLC, PATRICK CARDON, AND CORDELL ROGERS' MEMORADNUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6)**

1

Defendants Window Rock Manager, LLC, Window Rock Capital Partner GP, LLC, Window Rock Manager, LLC, Patrick Cardon, and Cordell Rogers (collectively "Window Rock"), in support of their Motion to Dismiss, states as follows:

## I. INTRODUCTION

Plaintiffs' Complaint seeks recovery for losses associated with Plaintiffs' investments in the Window Rock Residential Recovery Fund C (hereinafter "the Fund")[1]. While their Complaint seeks to associate their losses with an act of wrongdoing on behalf of Window Rock sounding claims for Securities Fraud (Count I), Violation of the Exchange Act (Count II), Common Law Fraud (Count IV), Negligent Misrepresentation (Count V), Violation of the IL Deceptive Trade Practices Act (Count VI), and Violation of the Illinois Securities Law of 1953 (Count VII), Plaintiffs' allegations fall short of establishing the requisite facts needed to bring these claims. Instead, Plaintiffs' losses arise from the inherent risks associated with all investments—not due to an act of fraud or negligence by Window Rock.

As set forth in the Window Rock Defendants' 12(b)(2) Motion to Dismiss, Window Rock cannot be subject to personal jurisdiction of this Court because Window Rock did not make the fraudulent statements at issue. For the same reasons, and those set forth below, the Complaint cannot state a viable claim for fraud, or misrepresentation, against Window Rock. The Complaint impermissibly lumps together all seven defendants comingling allegations of the defendants' actions, intent, and knowledge. Plaintiffs cannot meet the heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b). Moreover, the Private Securities Litigation Reform

---

[1] In addition to seeking dismissal under FRCP 12(b)(6), the Window Rock Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and do not waive their objections to the Court's personal jurisdiction over the Window Rock defendants by filing this motion.

Act (PSLRA) imposes further pleading requirements on Exchange Act claims such as Counts I and II of Plaintiffs' Complaint that Plaintiffs did not meet. Similarly, Plaintiffs' claims of Negligent Misrepresentation (Count V) fail as Plaintiffs cannot show that Window Rock made a false statement of material fact, that Window Rock was careless or negligent in ascertaining the truth of the statement, or that Plaintiffs relied on the truth of the statement.

Instead, Plaintiffs' Complaint presupposes that the Fund they invested in failed due to some alleged act of Window Rock's simply because the final performance of the Fund did not match its past or anticipated performance. These claims are insufficient to state a cause of action for fraud. As such, Window Rock respectfully requests this Court enter an order dismissing Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD ON MOTION TO DISMISS

A motion to dismiss under Civil Rule 12(b)(6) requires the Court to determine whether the complaint at hand alleges "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The court must assume the truth of the complaint's well-pleaded factual allegations, but not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 715 F.3d 1082, 1087 (7th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6)'s purpose is to streamline litigation by dispensing with needless discovery and fact-finding" and eliminate baseless claims. *Neitzek v. Williams*, 490 U.S. 319, 326-27 (1989). If "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expense of time and money by the parties and the court." *Twombly*, 550 U.S. at 556 (quotation omitted).

Heightened pleading requirements in Rule 9(b) apply to allegations of fraud. Plaintiffs "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). That includes the "who, what, when, where, and how" of the fraud. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019) (quoting *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)). Each instance of fraud must be alleged with "precision and some measure of substantiation." *Menzies*, 943 F.3d at 338 (quoting *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)).

### III. ARGUMENT

#### A. Plaintiffs' Complaint Impermissibly Comingles Window Rock and Integrity's Actions.

As written, Plaintiffs' Complaint is an example of a disfavored practice known as "group" or "shotgun" pleading as it groups together the actions, statements, and intent of seven separate defendants. *See Custom Guide v. Career Builder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). A complaint should not lump multiple defendants together but should 'inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant.'" *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 994 (N.D. Ill. 2010). Moreover, it is impermissible to group multiple defendants together and fail to set out which of the defendants made which of the fraudulent statements in a securities action. *United States Sec. & Exch. Comm'n v. Winemaster*, 529 F. Supp. 3d 880, 907 (N.D. Ill. 2021). Plaintiffs' Complaint is such an instance.

Plaintiff's Complaint alleges six counts against both Window Rock and Integrity Bank & Trust, Integrity Wealth Management, and Eric Davis (hereinafter "Integrity"). *See Plaintiffs' Complaint attached as Exhibit A*. Each Count is addressed to a group of defendants rather than a

4

specific defendant or group of defendants such as "Window Rock" or "Integrity." As written, the Complaint currently groups the Defendants together by:

- Alleging that Window Rock and Integrity both "marketed the Fund to Plaintiffs." Ex. A, ¶2;

- Alleging that Window Rock and Integrity distributed Quarterly Updates to Plaintiffs. Ex. A, ¶3;

- Alleging that Window Rock and Integrity concealed detailed financial information from Plaintiffs and their financial advisor. Ex. A, ¶41;

- Alleging that both Window Rock and Integrity prepared and distributed a PowerPoint presentation to Plaintiffs. Ex. A, ¶50;

- Alleging that Window Rock and Integrity touted the success that Window Rock had with seven other asset pools in the Fund to an effort to "induce" investors. Ex. A, ¶51;

- Alleging that Window Rock and Integrity made various unidentified statements to the Plaintiffs directly throughout the life of the Fund.; Ex. A, ¶55;

- Alleging that "Defendants intended for their representations as to the performance of other funds, and the Fund at issue to cause Plaintiffs to invest and hold their assets in the Fund; Ex. A, ¶106; and

- Alleging that "Defendants were in the business of supplying information to Plaintiffs and did supply information, in the form of the Quarterly Updates and the periodic Fund risk reviews that Integrity conducted. Ex. A, ¶113.

These specificity requirements are not empty formalism, but necessities meant to allow Window Rock to frame an appropriate response and prevent the use of conclusory complaints as a pretext for discovery. See *MPC Containment Systems, Ltd. v. Moreland*, 2006 WL 2331148, *2-3 (N.D. Ill. Aug. 10, 2006); *Sequel Capital Corp. v. Airship Intern*., Ltd., 148 F.R.D. 217, 219 (N.D. Ill. 1993). Indeed, Plaintiffs did not separate these allegations because they do not have the facts to show that Window Rock made any false statement to Plaintiffs or participated in the alleged fraudulent conduct.

In this case, Window Rock did not communicate directly with Plaintiffs at any point during the lifetime of the Fund. *See Declaration of Patrick Cardon attached as Exhibit B at* ¶¶7, 11. Window Rock communicated with a third-party Fund Administrator, the Fund Administrator communicated with Integrity, Integrity communicated with Plaintiffs' financial advisor Michael Hines ("Hines"), and Hines communicated directly with Plaintiffs. Ex. B, at ¶¶7, 11; see also Ex. A ¶¶41, 45, 47. Despite these allegations, Plaintiffs' Complaint repeatedly comingles all seven Defendants' actions, knowledge, and intent without specifying or differentiating Window Rock's role in the alleged Fraud from that of Integrity's. As such, Plaintiff's Complaint must be dismissed as it cannot be freely answered by the Window Rock defendants in its current form.

### B. Failed to Plead Fraud with Specificity

Even beyond their "lumping" infirmities, Plaintiffs' Complaint fails to adhere to the pleading requirements of Rule 9(b). Counts I (Violations of Section 10(b) of the Exchange Act), II (Violation of Section 20(a) of the Exchange Act), IV (Common Law Fraud), VI (Violation of the IUDTPA), and VII (Violation of the Illinois Securities Law of 1953) of Plaintiffs' Complaint are based in the same allegations of fraudulent conduct and thus are subject to Rule 9(b)'s heightened pleading standard. At the pleading stage, the relevant question for deciding whether a statement is misleading is "whether the facts alleged are sufficient to support a reasonable belief as to the misleading nature of the statement or omission." *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 595 (7th Cir. 2006) ("Tellabs I"). Here, Plaintiffs' cursory allegations do not identify the who, what, when, where, why, and how of the purported fraud, making it impossible for Defendant to form an adequate defense. *See United States ex rel. Mamalakis v. Anesthetix Mgmt. LLC,* 20 F.4th 295, 301 (7th Cir. 2021).

### a. Plaintiffs Failed to Plead with Specificity Which Defendant Made Fraudulent Statements and When They Were Made.

To satisfy the heightened pleading requirement, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated," *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992). The absence of any necessary detail renders the pleading deficient. *See Sequel Capital Corporation v. Airship International Limited* 148 F.R.D. 217, 219 (N.D.Ill.1993) (holding a complaint failed to comply with Rule 9(b) because it did not allege the location where the purported fraudulent statements were made and how they were communicated).

First, Window Rock was not directly communicating with Plaintiffs during the lifetime of the Fund. *See* Ex. A, ¶¶45, 54, and 82; Ex, B, at ¶¶7, 11. Despite this, the Complaint makes numerous conclusory statements that Window Rock was involved in marketing, promoting, and presenting information to Plaintiffs throughout the lifetime of the Fund. Ex. A, ¶¶2, 3, 50, 53, and 55. Such allegations do not demonstrate Window Rock's alleged role in the fraud. Indeed, Plaintiffs cannot summarily allege that Window Rock was the co-author of every statement made by Integrity simply because Window Rock provided Integrity with information about the Fund. *See* Ex. A, ¶¶50, 53, 55, 57, 58, 60, 73. Plaintiffs must specifically identify who made the fraudulent statements in question and must further demonstrate that Window Rock intended, or had knowledge, that any fraudulent statements would be repeated to Plaintiffs. Plaintiffs, however, do not allege what Window Rock entity allegedly marketed and promoted the Fund or how Window Rock allegedly did so. Moreover, Plaintiffs cannot allege that Window Rock intended for a false statement to be repeated to Plaintiffs as the Complaint admits that Window Rock produced unaudited financial information to other entities who were communicating with Plaintiffs.

Second, there are no factual allegations that Window Rock provided fraudulent information

to Integrity or that Window Rock instructed Integrity to alter or withhold any information. Rather, the Complaint expressly states that Window Rock provided Integrity with "unaudited financial information," "critical financial information," and that "all financial reporting coming from Window Rock came through Integrity." Ex. A, ¶¶41, 45, 47. Indeed, the Complaint alleges that Integrity, not Window Rock, failed to send quarterly updates and financial statements to Plaintiffs. *See* Ex. A, ¶¶41, 70. Similarly, Plaintiffs' claim that "Window Rock and Integrity concealed the detailed information from Plaintiffs and their financial advisor" is devoid of any factual support. *Id.* Without pleading the facts to support their claim that Window Rock and Integrity fraudulently concealed detailed financial information, and what Window Rock's role in that fraud was, the cause of action must be dismissed. For Plaintiffs' claim to withstand dismissal, they must specify the "who" that was involved in the alleged schemes they plead. Here, they have not done so in a manner that demonstrates Window Rock was involved in the alleged fraud.

Third, Plaintiffs cannot allege the specifics of these communications that would put Window Rock on notice of the claims made against it because Window Rock made no such communications. The Complaint alleges that Window Rock "prepared" a Power Point presentation and distributed financial in the form of an Individual Pool Performance table (Figure 2 of the Complaint) but does not state when Window Rock allegedly made these statements. Ex. A, ¶¶50-51. The only specific dates the Complaint provides regarding a statement made by Window Rock is when describing a Zoom call that took place after the Fund was closed. Ex. A, ¶¶61-70. Allegations that establish who made the alleged statements and when they were made are integral to a claim for fraud. As written, Plaintiffs' Complaint does not meet those requirements and should be dismissed for failure to meet the pleading requirements of Rule 9(b).

    b. **Plaintiffs Have Not Identified the Fraudulent Statements That Form the Basis of Their Claims against Window Rock.**

8

In addition to alleging the identity of the person making the misrepresentation and the time it was made, Plaintiffs' must allege the place, content of the misrepresentation, and the method by which the misrepresentation was communicated. *Bankers Trust Co.,* 959 F.2d at 683. Here again, Plaintiffs cannot do so. Generally, the Complaint alleges two generic time periods during which the alleged fraud occurred: while promoting the Fund and during the lifetime of the Fund. In both instances, the Complaint fails to plead sufficient facts to meet the Rule 9(b) standard as to how Window Rock allegedly participated in the fraud and what fraudulent statements were made.

### i. Statements Made While Promoting the Fund

While the Complaint does not explicitly state that Plaintiffs relied on this document, Plaintiffs allege that Window Rock compiled information about the Fund in a Private Placement Memorandum ("PPM"). Ex. A, ¶¶33-40. Plaintiffs allege that Window Rock used promotional materials to advertise the Fund. However, any such statements are insufficient to establish a claim for fraud as both are promotional documents containing statements of vague aspiration and unspecified puffery.

To be actionable, a statement must be both false and material. *Tellabs I*, 437 F.3d at 595; *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 940 (N.D. Ill. 2015). To determine materiality, courts look to "the significance the reasonable investor would place on the withheld or misrepresented information." *Basic Inc. v. Levinson,* 485 U.S. 224, 240 (1998). Indeed, the Seventh Circuit has explained that "indefinite predictions of 'growth' are better described as puffery rather than as material statements of fact." *Searls v. Glasser*, 64 F.3d 1061, 1066 (7th Cir. 1995).

Here, the Complaint fails to provide the full context of the alleged statements made in the promotional materials because they undermine Plaintiffs' claims that a reasonable investor would

9

rely on them. The PPM contains various disclaimers about the variability of the Fund including a fifteen-page enumeration of the risks associated with the Fund and inherent in investing. *See* PPM attached as Exhibit C, pp. 18-19; 45-60. Moreover, the portions of the PPM quoted by Plaintiffs is followed by a series of disclaimers stating, "Although the Fund may engage, from time to time, in any or all of the activities described above, it is impossible to predict the investment performance from these activities," that the Fund's investment program is "speculative and entails substantial risks," and that "there can be no assurance that the Fund's investment objectives will be achieved." Ex. C, pp. 18-19.

Similarly, Plaintiffs only provide select portions of the PowerPoint presentation without any factual allegations to show when the PowerPoint was presented to Plaintiffs, by whom, or how it was presented to Plaintiffs. Moreover, Plaintiffs do not plead that the information contained in the PowerPoint was false or fraudulent. Ex. A, ¶¶52-53. Rather, the Complaint concludes, without any factual support, that Window Rock lied about the performance of the asset pools shown in the presentation due to the fact that Window Rock admitted the final performance of the pools was worse than their performance at the time the presentation was authored. Ex. A, ¶¶52-53. These allegations do not address the asset pool that the Plaintiffs actually invested in, nor do they allege that Window Rock concealed or misrepresented the performance of the asset pools at the time the PowerPoint was authored. Instead, the Complaint concludes that because the final performance of the Fund was substandard, that Window Rock misrepresented the performance of the asset pools in the presentation. Ex. A, ¶78. These allegations are insufficient to establish a claim for fraud and are reminiscent of the warnings listed in the PPM that the performance of the Fund is "impossible to predict." As such, the statements alleged to have been made by Window Rock in promoting the Fund cannot form the basis for Plaintiffs' fraud claims.

### ii. Statements Made During the Life of the Fund

In the same way, Plaintiffs cannot provide factual averments to support their allegations that Window Rock defrauded them during the life of the Fund. Taking Plaintiffs' allegations as true, Window Rock provided Integrity Quarterly Updates which Integrity distributed to Plaintiffs. Ex. A, ¶54. However, Plaintiffs make the conclusory allegations that the updates contained misleading information about the performance of the Fund without providing any allegations that Window Rock manipulated the numbers, withheld information, or instructed Integrity to withhold information. Moreover, the Complaint does not specify which asset pools the Quarterly Updates are related to nor does the summary table drafted by Plaintiffs' counsel demonstrate that Window Rock was misrepresenting information. Ex. A, ¶59. Indeed, the Figure itself does not compare the same categories of information. Ex. A, ¶59. Here again, Plaintiffs do not define the statements they claim were misleading and instead rely on a summary of a years' worth of financial information and their conclusion that "the Financial Reports showed the Fund losing money, almost from its inception." Ex. A, ¶60.

Where the Complaint does allege a specific communication between Window Rock and Plaintiffs' financial advisor, it still falls short of demonstrating that the statement itself was fraudulent. Plaintiffs allege that a former employee of Window Rock, Jeff Pettiford, met with Plaintiffs' financial advisor to promote the Fund. Ex. A, ¶¶10, 67. These allegations, however, do not state what specific information was said or when the statements were made. The allegations concerning Mr. Pettiford do not establish fraudulent behavior and are insufficient to establish that Window Rock had any consistent contact with Plaintiffs. Ex. A, ¶¶10, 67, 105, 120. Similarly, Plaintiffs cannot establish that the April 2, 2020 Zoom call contained fraudulent statements as it occurred after the alleged fraudulent scheme. Despite their best efforts, Plaintiffs could only allege

that any prior statements from Integrity concerning the Fund's performance were untrue based on the fact that Window Rock expressed the final performance of the Fund was poor. Ex. A, ¶¶77-78. These allegations do not establish fraudulent activity.

The Complaint must contain specific averments of fraud to withstand dismissal under Rule 12(b)(6). Conclusory allegations such as "Window Rock and Integrity concealed the detailed financial information from Plaintiffs and their financial advisor" are insufficient to support a claim for fraud, particularly where Plaintiffs have also alleged that Window Rock was providing unaudited information to Integrity, who in turn was responsible for communicating with Plaintiffs. Ex. A, ¶¶41, 45, 47. As such, the allegations set forth in Plaintiffs' Complaint are insufficient to state a claim for fraud and Counts I, II, IV, VI, and VII of Plaintiffs' Complaint should be dismissed.

### C. The Complaint Does Not Plead Scienter to State a Claim for Securities Fraud

In addition to the section 10(b) claims asserted against Window Rock in Count I of the Complaint, Plaintiffs also seek to hold Defendants Patrick Cardon and Cordell Rogers liable as "controlling" persons under section 20(a) of the Exchange Act. "To state a claim under § 20(a), a plaintiff must first adequately plead a primary violation of securities laws—here, a violation of § 10(b) and Rule 10b–5." *Pugh v. Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008). For the reasons set forth below, Plaintiffs have not and both Counts I and II must be dismissed for Plaintiffs' failure to sufficiently plead scienter.

The Private Securities Litigation Reform Act (PSLRA) imposes further pleading requirements on Exchange Act claims such as Counts I and II of Plaintiffs' Complaint. Indeed, to survive dismissal under Rule 12(b)(6), a securities fraud complaint must (1) "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading,

12

and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed," and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," 15 U.S.C. § 78u–4(b)(1)–4(b)(2)(A); *see Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598–99 (7th Cir. 2019).

Scienter refers to a mental state embracing the intent to deceive, manipulate or defraud. *Rezin v. Brust*, 2003 WL 22494942, 1, 4. (N.D. Ill. 2003). A complaint alleging securities fraud adequately pleads scienter only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference that one could draw from the facts alleged. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). The complaint fails in this regard if it is more likely that the errors resulted from "careless mistakes at the management level" than from "an intent to deceive or a reckless indifference to whether the statements were misleading." *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 709 (7th Cir. 2008). The Seventh Circuit has emphasized that "hindsight" cannot be the "only basis" of a proposed scienter inference since there is no "fraud by hindsight." *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 759 (7th Cir. 2007); Accordingly, courts in this district have declined to allow plaintiffs to use a "must have known" theory as "an end-run around the requirement that plaintiffs set forth particularized facts to suggest that defendants acted knowingly or recklessly." *In re Bally Total Fitness Sec. Litig*., 2006 WL 3714708, at *9 (N.D. Ill. 2006). Here, that is what Plaintiffs attempt to do.

Plaintiffs' Complaint alleges that Window Rock misrepresented and concealed the true performance of the fund during its lifetime based on the final performance of the fund. In doing so, Plaintiffs cite to the performance at the fund at the time of closing for factual support. Ex. A,

13

¶¶51-53, 78. Plaintiffs have not set forth any particularized facts to suggest that window rock acted knowingly or recklessly. Instead, Plaintiffs plead that the actual performance of the seven asset pools, allegedly used to "induce" Plaintiffs into investing into the Fund, was "materially worse" than Window Rock represented in their promotional materials based on "information and belief" and based off of the final performance of the Fund itself. *Compare* Ex. A, ¶¶51-53 to Ex. A, ¶78. The Complaint demonstrates that Window Rock provided integrity with a full set of financial information necessary to inform investors about the fund. Ex. A, ¶¶41, 45, 47. Without specifying facts to demonstrate that Window Rock knowingly defrauded Plaintiffs, the Complaint falls into the same type of "must have known" theory that the Seventh Circuit disfavors. As such, Counts I and II of the Complaint should be dismissed.

### D. Plaintiffs' Cannot Claim Reliance on Promotional Materials to Support Their Claims

While not subject to the heightened pleading standard of Rule 9(b), Plaintiffs' claims under the Securities Law of 1953 and for Negligent Misrepresentation fail to state a claim against Window Rock as they have not plead sufficient facts. Specifically, Plaintiffs have not identified what statements, if any, Window Rock made to Plaintiffs and any statements attributable to Window Rock from the promotional materials referenced in Plaintiffs' Complaint are insufficient to establish Plaintiffs' reliance.

#### a. Plaintiffs' Have Failed to Plead a Claim for Violations of Securities Law of 1953

The Illinois Securities Act's anti-fraud provision parallels federal securities statutes and requires proof that the defendants: (1) made a material misstatement or omission, (2) in connection with the purchase or sale of securities, (3) upon which the plaintiffs relied. *Hollerich v. Acri*, 259 F.Supp.3d 806, 814 (N.D. Ill. 2017). Here, the Complaints fails to establish that Window Rock

14

made a material misstatement or omission or that plaintiffs relied upon any such statement from Window Rock.

As to the first element, Plaintiffs have not properly attributed any material misstatements or omissions to Window Rock. As argued above, the Complaint asserts that Window Rock provided full unaudited information to Integrity and that Integrity failed to provide this information to Plaintiffs' advisor. Ex. A, ¶41, 45, 47. Without such allegations, Plaintiffs cannot support the assertion that Window Rock made material misstatements or omissions.

To the extent the promotional materials distributed by Integrity can be attributable to Window Rock, Plaintiffs cannot claim reliance on these documents. *See JJR, LLC v. Turner*, 2016 IL App (1st) 143051, ¶ 52 (holding cautionary language and disclaimers attached to the executive summary, e-mails, PowerPoint, PPM, and subscription agreement mitigated Plaintiff's claims of misrepresentation). Any statements contained in the promotional materials would not amount to more than puffery and indefinite descriptions of growth as argued *supra*. Plaintiffs cannot base their claim that they were fraudulent induced to invest into the Fund based on the performance of other asset pools unrelated to the Fund they wished to invest in. As such, Plaintiffs have not plead sufficient facts to state a claim under the Securities Act of 1953.

### b. Plaintiffs' Have Failed to Plead a Claim for Negligent Misrepresentation

To state a claim for negligent misrepresentation under Illinois law, a plaintiff must allege six elements, "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *Great N. Ins. Co. v. Amazon.com, Inc.*, 524 F. Supp. 3d 852, 859 (N.D. Ill.

2021). Plaintiffs must allege that a false statement was made to them upon which they justifiably relied to their detriment. *Board of Education City of Chicago v. A, C and S, Inc.*, 131 Ill.2d 428, 137 Ill.Dec. 635, 646 (1989); *Landry v. Keene Corp.*, 811 F. Supp. 367, 374 (N.D. Ill. 1993). Justified reliance depends on all the circumstances and considers the information available to a plaintiff. *See Siegel Dev., LLC v. Peak Const. LLC*, 373 Ill.Dec. 482 (Ill. App. Ct. 2013).

Plaintiffs' claim for Negligent Misrepresentation fails for the same reasons their claim under the Securities Act of 1953 does—they cannot plead reliance on a statement from Window Rock because Window Rock did not make any fraudulent or misleading statements to the Plaintiffs, directly or indirectly. Indeed, the Complaint recognizes that Window Rock provided unaudited information to the entities communicating with Plaintiffs. Ex. A, ¶41, 45, 47. Moreover, Plaintiffs cannot establish reliance based on the promotional materials referenced in the Complaint as they contain various disclaimers notifying Plaintiffs or the inherent risks associated with investing in the Fund as argued *supra.* To that end, Plaintiffs had the benefit of employing a financial assistant who had access to financial information and documents related to the Fund. Indeed, the Complaint makes no allegations that Window Rock withheld information from Plaintiffs' advisor because that was not the case. As such, Count V of Plaintiffs' Complaint must be dismissed.

## IV. CONCLUSION

For all the reasons stated above, this Court should grant Defendants' Motion to Dismiss Plaintiffs' Complaint, and any other relief that this Court deems just.

Dated: January 20, 2023

                                                           Respectfully submitted,

                                                           /s/ John C. Ellis

John C. Ellis
David DeSchepper
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com
ddeschepper@ellislegal.com